## Case No. 12,955a.

### SLOMAN v. WYSSMAN.

[19 Betts, D. C. MS. 165.]

District Court, S. D. New York. Jan. Term, 1852.

PRACTICE IN ADMIRALTY—REHEARING—TERM.

[A rehearing or review cannot be had after the term at which the decree was rendered.]

[This was a libel by Robert L. Sloman against Frederick Wyssman. Motion for rehearing and review.]

BY THE COURT. In August term, 1851, a decree was rendered in this cause against the libellant, and, not being appealed from, became final the same term. [Unreported.] In January term, 1852, the libellant moved upon affidavits for a rehearing of the case, and for leave to file a bill of review, on the ground of newly-discovered evidence.

The general authority of the United States courts to grant a rehearing or allow a bill of review to be filed has been fully considered in repeated cases. The rule is irrevocable that a rehearing or review cannot be had in a cause after the term at which sentence was rendered. [Hudson v. Guestier] 7 Cranch [11 U. S.] 1; The Avery [Case No. 672]; The New England [Id. 10,151]; [Sibbald v. U. S.] 12 Pet. [37 U. S.] 489; [Whit-

ing v. Bank of U. S.] 13 Pet. [38 U. S.] 6; [Bank of U. S. v. Beverly] 1 How. [42 U. S.] 148, 149; [Kennedy v. Bank of State of Georgia] 8 How. [49 U. S.] 609. The standing rule of this court in no way relaxes that doctrine. It limits the application of the privilege to a narrower sphere than is necessarily defined by the cases quoted, for the application will not be entertained in this court in cases where the subject of dispute is less in amount than $50, nor unless made before the enrollment of the decree or return of final process issued in the cause, both of which may well happen within the period of the term in which the decree is pronounced. The 40th rule of the supreme court allows ten days to a party to move to rescind a decree against him by default, but that indulgence has no relation to the condition of a party against whom a final decree is rendered on hearing. Motion denied, with costs.